IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOBAL R. ARCHULETA (a.k.a.
CRISTOBAL ARCHULETA) and
CYNTHIA B. ARCHULETA,

        Plaintiffs,

v.                                                No. CV 14-00314 WJ/RHS

TIFFIN MOTOR HOMES, INC., and
ALBUQUERQUE FREIGHTLINER,

        Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

THIS MATTER comes before the Court upon Plaintiffs' Motion and Memorandum in Support of Motion to Remand to State Court (**Doc. 10**), filed on May 6, 2014. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiffs' motion is not well taken and, therefore, is **DENIED**.

BACKGROUND

Plaintiffs Christobal and Cynthia Archuleta filed their original complaint in state court against Defendants Tiffin Motor Homes ("Tiffin") and Albuquerque Freightliner ("AF") in March 2014, bringing claims of strict products liability, breach of implied warranties, and negligence. As alleged in the original complaint (Doc. 1 Ex. A), on or about 2010, AF conducted a full oil service and inspection of Plaintiffs' recreational bus, which was designed and manufactured by Tiffin. Mr. Archuleta was travelling in the bus in May 2011 when the vehicle

caught fire, purportedly due to a possible degradation of the bus's insulating blanket. Mr. Archuleta claims to have suffered injury during his attempt to escape the vehicle, leading to back, neck, and shoulder injuries, pain and suffering, loss of enjoyment of life, and medical bills. The fire also allegedly led to the total loss of the bus, its contents, an attached trailer, and a Ford F-350 truck and Titan motorcycle in the trailer. Plaintiffs' original complaint sought relief in the form of payment for past and future medical bills, pain and suffering damages, punitive damages, and actual property damages. Plaintiffs did not state a dollar value for the damages sought in that pleading.

Tiffin timely removed the case under 28 U.S.C. §§ 1332, 1441(a), and 1446, and attached a letter signed by counsel for AF consenting to removal. On May 6, 2014, Plaintiffs simultaneously filed (1) a motion to amend their complaint to stipulate that they now seek no more than $75,000 in damages and to remove a prayer for relief in the form of actual property damage; and (2) the instant motion to remand, arguing that Defendants have failed to show that the $75,000 threshold for diversity jurisdiction has been exceeded. Briefing was completed on the remand motion on May 28, 2014. Magistrate Judge Robert H. Scott granted the motion to amend in June 2014, and Plaintiffs filed their amended complaint (Doc. 21) shortly thereafter. The case was reassigned to the Court on July 31, 2014.

## DISCUSSION

### I. Legal Standard

Removal is proper where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional amount of $75,000. 28 U.S.C. § 1332. In seeking removal the removing party has the burden of proving both of these elements. *Huffman v. Saul Holdings, Ltd. P'ship,* 194 F.3d 1072 (10th Cir. 1999).

When analyzing a removal based on diversity jurisdiction, the amount in controversy "is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted). "Where neither document suffices, the court may also consider other relevant materials in the record." *Hanna v. Wagner*, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001) (citing *Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000)). Where a state court complaint does not identify a specific amount that the plaintiff seeks to recover, as is the case here, a defendant seeking removal has the burden to prove jurisdictional facts by a "'preponderance of the evidence' such that the amount in controversy may exceed $75,000." *McPhail v. Deere & Co.,* 529 F.3d 947 (10th Cir. 2008). In determining whether there is an adequate amount in controversy, a court may consider materials such as "the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Hanna*, 163 F. Supp. 2d at 1306.

When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiff must show "that it does not appear to a legal certainty that they cannot recover" the jurisdiction amount. *See Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir. 2003). Thus, in this case, once Defendants satisfy the general burden of establishing federal jurisdiction, Plaintiffs have the burden of showing that it is a legal certainty that they cannot recover $75,000 in order to avoid removal. *See McPhail*, 529 F.3d at 955 (quotation omitted). The legal certainty standard is very strict, and

3

as a result, it is difficult for a dismissal or remand to be premised on the basis that the requisite jurisdictional amount is not satisfied. *See Woodmen*, 342 F.3d at 1217.

## II. Analysis

Defendants assert in the Notice of Removal that it is "facially apparent" from the complaint that Plaintiffs are seeking damages in excess of the $75,000 threshold. Plaintiffs flatly argue that Defendants "provide no bases . . . nor any evidence" for their conclusion that the sought damages exceed $75,000. However, one acceptable way of showing that the amount-in-controversy requirement has been satisfied is to "rely on an estimate of the potential damages from the allegations in the complaint. A complaint that presents a combination of facts and theories that may support a claim in excess of $75,000 can support removal." *McPhail*, 529 F.3d at 956 (citing, *e.g.*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). For example, the Tenth Circuit opined in dicta that the $75,000 threshold might have been satisfied based merely on a facial reading of a complaint seeking unspecified damages for medical and burial expenses, loss of consortium, pain and suffering, pecuniary loss, grief and loss of companionship, and punitive damages. *See id.* at 957. Similarly, the Fifth Circuit decision cited approvingly in *McPhail* found federal jurisdiction appropriate where the plaintiff alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization," even though no numerical value was specified and no other evidence concerning damages was provided. *See Luckett*, 171 F.3d at 298.

The Court is persuaded that Defendants have shown that the requisite amount in controversy has been asserted and that federal jurisdiction exists. Plaintiffs' original complaint sought medical damages, pain and suffering damages, punitive damages, and property damages

for the loss of three late-1990s-era vehicles. Given the nature and substance of these claims and the prayer for relief, Defendants have established, by a preponderance of the evidence, the underlying facts necessary to support federal jurisdiction in this action.

This conclusion is bolstered by a letter Plaintiffs sent to Tiffin in June 2013 demanding a settlement amount of $317,644.76, over *four times* the jurisdictional threshold. Defendants were entitled to rely on Plaintiffs' own informal estimate to support the allegations in their removal notice. *See McPhail*, 529 F.3d at 956. Defendants did not attach this letter to their Notice of Removal, but courts routinely treat the late inclusion of such evidence of jurisdictional facts as an amendment to the original Notice. *See Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Although Plaintiffs argue in their reply that they have since adjusted their estimate of the value of their case, based on discovery received after the Notice of Removal was filed, jurisdiction is determined by reference to the pleadings and record at the time of removal and not by reference to subsequent information or amendments. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). For this same reason, the fact that the operative amended complaint in this action now expressly seeks no property damages and a recovery of less than $75,000 cannot operate to divest this Court of jurisdiction. *See id.*

## CONCLUSION

In light of the allegations in the original complaint, the allegations in the Notice of Removal, and the pre-suit settlement demand, Plaintiffs cannot show by a legal certainty that

5

they could not recover $75,000 on these allegations. *See McPhail*, 529 F.3d at 955 (quotation omitted); *see also Woodmen*, 342 F.3d at 1216-17. The Court therefore finds and concludes that remand in this case is inappropriate and that federal diversity jurisdiction exists over this action. Accordingly, Plaintiff's Motion to Remand is hereby **DENIED**.

    **SO ORDERED**

    _____
    UNITED STATES DISTRICT JUDGE